IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA TRUITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:20-cv-147-JTA |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by counsel for Plaintiff Jessica Truitt ("Truitt") for an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 26.) The Commissioner does not oppose the motion. (Doc. No. 29.) Upon review of the motion and having undertaken an independent review of the character of the representation and the results achieved by Plaintiff's counsel in this case, the Court finds that the motion is due to be GRANTED.

### I.   DISCUSSION

Truitt retained attorney Anna King ("King") on February 11, 2020, for the purpose of appealing an adverse disability determination by the Social Security Administration to this court. (Doc. No. 26-1.) As is typical in this type of case, their agreement called for Truitt to pay King "a fee for Federal Court work equal to 25% of the past-due benefits." (*Id*. at 1.) Specifically, the agreement provides, "[i]f Claimant subsequently is awarded benefits after the remand from the Federal Court, Claimant will owe Attorney the

difference between the 25% fee specified above and the amount paid by SSA in accordance with EAJA." (*Id*.) Due to King's advocacy, on October 8, 2020, this Court reversed the agency's administrative determination and remanded the case to the Commissioner pursuant to 42 U.S.C. § 405(g). (Doc. No. 19.) Following remand, the Commissioner found that Truitt is eligible for Supplemental Security Income benefits and informed her that she was awarded past-due benefits of $18,932.89. (Doc. No. 26-2 at 1.) Under Truitt's fee agreement, counsel could have claimed up to $4733.22 in fees. (Doc. No. 26 at ¶ 3; Doc. No. 26-1 at 1.)

The motion before the Court seeks the full twenty-five percent as permitted under the fee agreement, less $1209.25 in fees previously awarded to counsel under the Equal Access to Justice Act ("EAJA"), for a total fee of $3523.97. (Doc. No. 26 at 3; Doc. No. 25.) King states that the 6.24 hours she spent on this civil litigation resulted in ongoing benefits that Truitt would not have otherwise received. (*Id*. at ¶¶ 6-7; Doc. No. 21 at ¶ 6.) She asks the Court to enforce her fee agreement with Truitt and to find that the requested amount of $3523.97 is fair and reasonable. (*Id*. at ¶ 7.)

## II. APPLICABLE LAW

Section 406(b)(1)(A) provides in relevant part as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify

2

>the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services "rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court."  *See id*.; 42 U.S.C. § 406(b)(2).

To receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.  The Eleventh Circuit has held that "§ 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).  Because Truitt was awarded past-due benefits following remand, the court may award attorney's fees under § 406(b).  *Culbertson v. Berryhill*, _ U.S. _, 139 S. Ct. 517 (2019).  Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must be repaid to the claimant or offset from the fees received under § 406(b).  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm. of Soc. Sec.*, 601 F.3d 1268 (11th Cir. 2010) (approving offset of EAJA award from § 406(b) award).

The Court must determine whether a fee requested under 42 U.S.C. § 406(b) is reasonable.  *Gisbrecht*, 535 U.S. at 809.  The Eleventh Circuit cited *Gisbrecht* to explain

3

that contingent-fee agreements are presumptively reasonable, but that "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) (quoting *Gisbrecht*, 535 U.S. at 807.)   Courts should evaluate an attorney's requested fee based on the "character of the representation and the results the representative achieved," and may reduce a windfall fee award if "the benefits are large in comparison to the amount of time counsel spent on the case."  *Gossett*, 812 F. App'x at 850 (quoting *Gisbrecht*, 535 U.S. at 808).   An attorney for a successful claimant has the burden to demonstrate the reasonableness of the requested fee.  *Gisbrecht*, *id*. at 807.

Here, King is seeking $3523.97 in attorney's fees for 6.24 hours on this civil litigation.   The Commissioner has not objected to the award amount requested and defers to the Court's determination of whether the fee request is reasonable.[1]   The court's judgment about reasonableness is informed by *Gisbrecht*'s conclusion that Congress did not mean to "outlaw" lawful contingent fee agreements.   King is experienced in representing Social Security claimants and, in addition to securing a fully favorable decision for Truitt, has represented over 100 Social Security claimants in this court. Consequently, the Court concludes that payment in the amount of $3523.97 is reasonable under the circumstances of this case.

---

[1] The court notes that the Commissioner has no direct financial interest in the outcome of this motion, as his role is akin to that of a trustee for Plaintiff.   (*See* Doc. No. 29 at 1.)

## III.     CONCLUSION

Accordingly, it is

ORDERED that, pursuant to 42 U.S.C. § 406(b), the Motion for Award of Attorney Fees (Doc. No. 26) is hereby GRANTED and the Commissioner shall pay to Truitt's attorney $3523.97 of the amount previously withheld from her past-due benefits.

DONE this 23rd day of March, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE